IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GD DEAL HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>SURINDER MULTANI; ABBE PROPERTIES, LLC; SAPPHIRE SUPPLY, LLC; JCG INVESTMENTS, LLC; ABBE CAPITAL AND LEASING, LLC; ABBE MANAGEMENT GROUP, LLC; FIFTH THIRD BANK; CITIBANK; VENDOR CAPITAL GROUP; BABAJIPS, LLC; CAPITAL ACCESS & INVESTMENTS, LLC; PETROZONE PETROLEUM II, INC.; G&S PORTAGE, INC.; SAFANPREET MULTANI, in his capacity as trustee for Gurpriya Kaur Multani Irrevocable Trust; GURPAP SINGH MULTANI IRREVOCABLE TRUST, and JAPVI SINGH MULTANI IRREVOCABLE TRUST,<br><br>Defendants. | Civil Action No. 08-CV-1722<br><br>Judge Elaine E. Bucklo |

**DEFENDANT CITIBANK'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Citibank ("Citibank") answers the Complaint filed by Plaintiff GD Deal Holdings, LLC as follows:

**PARTIES**

1. The Plaintiff GD Deal Holdings, LLC ("GD Deal") is a Delaware limited liability company with its principal place of business in Bowling Green, Kentucky.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 1 and, therefore, denies same.

2. The Defendant, Surinder Multani, is a citizen and resident of the State of Illinois. Surinder Multani ("Multani") is also known as Sam Multani. Surinder Multani currently resides at 302 Midwest Club, Oak Brook, Illinois 60523.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 2 and, therefore, denies same.

3. Safanpreet Multani is a citizen and resident of the State of Illinois. Safanpreet Multani currently resides at 302 Midwest Club, Oak Brook, Illinois 60523.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 3 and, therefore, denies same.

4. Upon information and belief, Surinder Multani and Safanpreet Multani are spouses that maintain 302 Midwest Club, Oak Brook, Illinois as a homestead.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 4 and, therefore, denies same.

5. Abbe Properties, LLC, is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights, Illinois 60005.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 5 and, therefore, denies same.

6. Sapphire Supply, LLC is an Illinois limited liability company with its principal office located at 2015 South Arlington Heights Road, Suite 120, Arlington Heights 60005. Defendant Multani is the registered agent for Sapphire Supply, LLC.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 6 and, therefore, denies same.

7. JGG Investments, LLC is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights 60005.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 7 and, therefore, denies same.

8. Abbe Capital and Leasing, LLC is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights, Illinois 60005.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 8 and, therefore, denies same.

9. Abbe Management Group, LLC, is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights, Illinois, 60005.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 9 and, therefore, denies same.

10. The Defendants, Fifth Third Bank and Citibank, are natural banking associations doiing business in the State of Illinois.

**ANSWER**: The allegations in paragraph 10 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations are intended to be factual, Citibank denies it is a natural banking association. Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations and, therefore, denies same.

11. The Defendant Vendor Capital Group is a division of Telerent Leasing Corp., a Delaware Corp., with its principal office at 4191 Fayetteville Rd., Raleigh, North Carolina 27603.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 11 and, therefore, denies same.

12. Babaji PS, LLC is a Texas limited liability company with its principal office at 1718 Fry Road, Suite 415, Houston, Texas 77084. The registered agent at that address is Narendra Bhalla.

**ANSWER**: Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 12 and, therefore, denies same.

13.     Capital Access & Investments, LLC is a Texas limited liability company with its principal office at 1718 Fry Road, Suite 415, Houston, Texas 77084.  The registered agent at that address is Narendra Bhalla.

**ANSWER**:   Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 13 and, therefore, denies same.

14.     Petrozone Petroleum, II, Inc. is a Texas corporation with its principal office at 1612 South Day Street, Brenham, Texas 77833.  The registered agent at that address is Sandeeppreet Singh.

**ANSWER**:   Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 14 and, therefore, denies same.

15.     G & S Portage, Inc. is an Indiana corporation with its principal office at 1856 Samuelson Road, Portage, Indiana 46368.  The registered agent at that address is Ajai Agnihotri.

**ANSWER**:   Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 15 and, therefore, denies same.

16.     The Defendant, Surinder Multani, is the Trustee of the Gurpriya Kaur Multani Irrevocable Trust, Gurpap Singh Multani Irrevocable Trust and Japvi Singh Multani Irrevocable Trust ("Trusts"), which were created by Safanpreet Multani as Settler.

**ANSWER**:   Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 16 and, therefore, denies same.

17.     Jurisdiction is proper under 28 USC § 1332 in that the amount in controversy, exclusive of interest and cost, exceeds $75,000.00 and that this matter is between citizens of different states.

**ANSWER**:   The allegations in paragraph 17 state legal conclusions to which no answer is required.

18.     Venue for this action is proper under 28 USC § 1391 in that it involves real estate located in this district and the defendants located in this district.

**ANSWER**: The allegations in paragraph 18 state legal conclusions to which no answer is required. To the extent the allegations in paragraph 18 are intended to be factual, Citibank admits that this action involves real estate located in this district. Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 18 and, therefore, denies same.

## GENERAL ALLEGATIONS

19. The Defendant, Surinder Multani, is indebted to the Plaintiff, GD Deal Holdings, for the sum of $10,048,295.12 as of May 11, 2007, with post-judgment interest accruing thereon at the rue of 4.9% until paid in full, pursuant to an Order and Judgment ("Judgment") entered by the United States District Court, Western District of Kentucky, Bowling Green Division in Case Number 1105-CV-3R, on May 11, 2007, a copy which is attached to hereto as Exhibit A.

**ANSWER**: The allegations in paragraph 19 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations in paragraph 19 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same. Further answering, to the extent the allegations purport to characterize Exhibit A to the Complaint, Exhibit A speaks for itself, and Citibank denies any characterizations inconsistent therewith.

20. The judgment has been registered in this Court by filing on September 4, 2007 in case Number 07-CV-04965 pursuant to 28 U.S.C. § 1963.

**ANSWER**: The allegations in paragraph 20 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations in paragraph 20 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.

21. Pursuant to the registration, GD Deal has filed a Memorandum of Judgment in the Cook County real property records, a copy of which is attached as Exhibit B, on October 9, 2007.

**ANSWER**:  The allegations in paragraph 21 state, in whole or in part, legal conclusions to which no answer is required.  To the extent the allegations in paragraph 21 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.  Further answering, to the extent the allegations purport to characterize Exhibit B to the Complaint, Exhibit B speaks for itself, and Citibank denies any characterizations inconsistent therewith.

22.     The Defendant, Surinder Multani, owns real estate located in Cook County, Illinois located at 124 Bright Ridge Drive, Schaumburg, IL, 60194-3696, Parcel No. 07 23 102 021 0000 (the "Cook County Real Estate").

**ANSWER**:  Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of whether Surinder Multani owns real estate located at 124 Bright Ridge Drive and, therefore, denies same.  Answering further, Citibank admits that on July 22, 2004 Defendant Surinder Multani owned real estate located in Cook County, Illinois located at 24 Bright Ridge Drive, Schaumburg, IL, 60194-3696, P.I.N. 07 23 102 021.

23.     The Defendant, Surinder Multani, owns personal property situated in both Cook County, Illinois and DuPage County, Illinois, as indicated by the financial statements prepared by Multani, copies of which are attached as Exhibit C. The value of the personal property exceeds the allowed exemptions under Illinois State Law.

**ANSWER**:  The allegations in paragraph 23 state, in whole or in part, legal conclusions to which no answer is required.  To the extent the allegations in paragraph 23 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.  Further answering, to the extent the allegations purport to characterize Exhibit C to the Complaint, Exhibit C speaks for itself, and Citibank denies any characterizations inconsistent therewith.

24.     The Defendant, Surinder Multani, is a member, shareholder, sole member, or sole shareholder of Abbe Properties, LLC, Sapphire Supply, LLC; JGG Investments, LLC; Abbe Capital and Leasing, LLC; Abbe Management Group, LLC; Babaji PS, LLC; Capital Access & Investments, LLC, Petrozone Petroleum II, Inc.; and G & S Portage, Inc.

**ANSWER**:   The allegations in paragraph 24 state, in whole or in part, legal conclusions to which no answer is required.  To the extent the allegations in paragraph 24 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.

### COUNT I:   ORDER OF SALE OF REAL AND PERSONAL PROPERTY

25.     The Plaintiff adopts and incorporates by reference the allegation's set forth in Paragraphs 1 through 24 as if fully set forth herein.

**ANSWER**:   Citibank adopts and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26.     The Judgment against Surinder Multani constitutes a lien on the property of Multani pursuant to 28 U.S.C. §1962.

**ANSWER**:   The allegations in paragraph 26 state, in whole or in part, legal conclusions to which no answer is required.  To the extent the allegations in paragraph 26 are intended to be factual and purport to challenge the validity and/or priority of Citibank's Mortgage on the property located at 24 Bright Ridge Road in Schaumburg, Illinois ("Subject Premises"), Citibank denies the allegations.  Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

27.     The Plaintiff, GD Deal, is entitled to an Order directing the United States Marshall to take control and possession of the Cook County Real Estate of Defendant Surinder Multani, and to subject such real estate to public auction and sale upon such terms and conditions as may be set by, this Court, or required by statute including 28 U.S.C. § 2001,735 ILL. COMP.

STAT. 5/12-112, 735 ILL. COMP. STAT. 5/12-115, 735 ILL. COMP. STAT. 5/12-152, and FED. R. CIV. P. 69.

**ANSWER**: The allegations in paragraph 27 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations in paragraph 27 are intended to be factual and purport to challenge the validity and/or priority of Citibank's Mortgage on the Subject Premises, Citibank denies the allegations. Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

28. The Plaintiff, GD Deal, is entitled to an Order directing the United States Marshall to take control and possession of the non-exempt personal property of Defendant Surinder Multani, and to subject such personal property to public auction and sale upon such terms and conditions as may be set by this Court, or required by statute including 28 U.S.C. § 2004, 735 ILL. COMP. STAT. 5/12-111, 735 ILL. COMP. STAT. 5/12-112, 735 ILL COMP. STAT. 5/12-158, and FED. R. CIV. P. 69.

**ANSWER**: The allegations in paragraph 28 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations in paragraph 28 are intended to be factual and purport to challenge the validity and/or priority of Citibank's Mortgage on the Subject Premises, Citibank denies the allegations. Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

WHEREFORE, the plaintiff, GD Deal Holdings, LLC, respectfully requests: 1) that the Court enter an Order directing the United States Marshall to take possession and control of the Defendant Surinder Multaini's real estate and subject it to public auction; and 2) that the Court enter an Order directing the United States Marshall to take possession and control of the Defendant Surinder Multani's non-exempt personal property and subject to public auction.

**ANSWER**: To the extent that this paragraph purports to challenge the validity and/or priority of Citibank's Mortgage on the Subject Premises, Citibank denies that GD Deal Holdings is entitled to the requested relief.

## COUNT II:   REQUEST FOR CHARGING ORDER

29.    The Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs 1 through 28 inclusive as if fully set forth herein.

**ANSWER**:    Citibank adopts and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.    Pursuant to 805 ILCS 180/30-20, the Plaintiff is entitled to a charging order as against Surinder Multani's interest in Abbe Properties, LLC; Sapphire Supply, LLC; JGG Investments, LLC; Abbe Capital and Leasing, LLC; Abbe Management Group, LLC; Babaji PS, LLC; Capital Access & Investments, LLC; Petrozone Petroleum II, Inc.; and G & S Portage, Inc. (collectively the "Multani Companies"), so that all distributable interests apply to satisfy the Judgment.

**ANSWER**:    The allegations in paragraph 30 state, in whole or in part, legal conclusions to which no answer is required.  To the extent the allegations in paragraph 30 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.

31.    The Plaintiff requests that a Receiver be appointed for the distributional interests due or to become due to Surinder Multani.

**ANSWER**:    The allegations in paragraph 31 state, in whole or in part, legal conclusions to which no answer is required.  To the extent the allegations in paragraph 31 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.

32.    The Plaintlff is further entitled to an order of foreclosure of its lien, directing that the interests of Surinder Multani in the Multani Companies be sold to satisfy the lien of GD Deal.

**ANSWER**:    The allegations in paragraph 32 state, in whole or in part, legal conclusions to which no answer is required.  To the extent the allegations in paragraph 32 are

intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

### COUNT III:  ADVERSE CLAIMS

33. The Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 32, inclusive, as if fully set forth herein.

**ANSWER**:   Citibank adopts and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34. The Defendant Fifth Third Bank is made a party hereto by reason of its open-end Mortgage dated June 24, 2004, recorded July 26, 2004, as against the real estate located at 24 Bright Ridge Road, Schaumburg, IL.  The Defendant Fifth Third Bank should be required to enter its appearance herein and assert its interest in the real estate, if any.

**ANSWER**:   Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 34 and, therefore, denies same.

35. The Defendant Citibank is made a party hereto by reason of its Equity Source Account Mortgage dated July 22, 2004, and recorded August 9, 2004 as against the real estate located at 24 Bright Ridge Road, Schaumburg, IL.  The Defendant Citibank should be required to enter its appearance herein and assert its interest in the real estate, if any.

**ANSWER**:   In answering the allegations in paragraph 35, Citibank states that it was granted a mortgage on the Subject Premises as security for an Equity Source Account mortgage in the amount of $93,500.  Citibank recorded its secured interest in the Subject Premises on August 9, 2004.  Further answering, Citibank states that its mortgage has priority over any interest in the Subject Premises claimed by GD Deal Holdings and that any interest in the Subject Premises purportedly acquired by GD Deal Holdings is subordinate to and subject to that of Citibank's interest.

36. The Defendant Vendor Capital Group is made a party hereto by reason of its Memorandum of Judgment, recorded August 7, 2007, as against the real estate located at 24

Bright Ridge Road, Schaumburg, Il. The Defendant Vendor Capital Group should be requited to enter its appearance herein and assert its interest in the real estate, if any.

**ANSWER**:   Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 36 and, therefore, denies same.

37.   The Defendant Safanpreet Multani should be required to enter her appearance herein and to assert her interest in the real estate, if any.

**ANSWER**:   Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 37 and, therefore, denies same.

WHEREFORE, the Plaintiff, GD Deal Holdings, LLC, respectfully requests that the Defendants referenced within Count III herein be required to come forth and assert whatever right, title, and interest in and to the property described in this Complaint they have or may have or be forever barred.

**ANSWER**: Citibank states that it was granted a mortgage on the Subject Premises as security for an Equity Source Account mortgage in the amount of $93,500. Citibank recorded its secured interest in the Subject Premises on August 9, 2004. Further answering, Citibank states that its mortgage has priority over any interest in the Subject Premises claimed by GD Deal Holdings and that any interest in the Subject Premises purportedly acquired by GD Deal Holdings is subordinate to and subject to that of Citibank's interest. Citibank therefore respectfully requests this Honorable Court find that any of GD Deal Holdings' rights to the Subject Premises are subordinate and subject to Citibank's secured mortgage and satisfaction of said mortgage.

## COUNT IV:  FRAUDULENT CONVEYANCES

38.   The Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 37, inclusive, as if fully set forth herein.

**ANSWER**: Citibank adopts and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. On information and belief, the Plaintiff, GD Deal, alleges that the Defendant, Surinder Multani, has transferred to the Trusts assets for the purpose of shielding them from the Claims of his creditors, including, but not limited to, his interest in ABBE Properties, LLC.

**ANSWER**: The allegations in paragraph 39 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations in paragraph 39 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.

40. On information and belief, the Plaintiff, GD Deal, alleges that the transfers from Surinder Multani to the Trusts were without consideration, and made with the intent to hinder, delay or defraud creditors, all in violation of Illinois law.

**ANSWER**: The allegations in paragraph 40 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations in paragraph 40 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.

41. The transfer should be set aside and held invalid, and the property and interest held subject to the claims of creditors, including the Plaintiff herein.

**ANSWER**: The allegations in paragraph 41 state, in whole or in part, legal conclusions to which no answer is required. To the extent the allegations in paragraph 41 are intended to be factual, Citibank lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, denies same.

## AFFIRMATIVE DEFENSE

### Citibank's Interest in the Property is Superior to GD Deal Holding's Interest

1.  Citibank recorded an Equity Source Mortgage secured by the Subject premises on August 9, 2004 in the amount of $93,500. Citibank's mortgage has priority over any interest in the Subject Premises claimed by GD Deal Holdings and any interest in the Subject Premises purportedly acquired by GD Deal Holdings is subordinate to that of Citibank's interest. Accordingly, upon foreclosure of the Subject Premises, Citibank is entitled to full satisfaction of the mortgage amount, any interest that has accrued on the principal balance, and expenses and attorneys fees in connection with this action pursuant to the Equity Source Account Mortgage agreement entered into between Surinder and Safanpreet Multani, on the one hand, and Citibank, on the other hand.

Dated: May 16, 2008                                              Respectfully submitted,

/ s/  Nicole J. Highland
Lucia Nale
Diane R. Sabol (6298369)
Nicole J. Highland (6291632)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600
nhighland@mayerbrown.com
*Attorneys for Defendant Citibank*

## **CERTIFICATE OF SERVICE**

I, Nicole J. Highland, an attorney, hereby certify that on May 16, 2008, I caused a true and correct copy of the foregoing **DEFENDANT CITIBANK'S ANSWER TO PLAINTIFF'S COMPLAINT**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court' s CM/ECF System.

/ s/  Nicole J. Highland

Lucia Nale
Diane R. Sabol (6298369)
Nicole J. Highland (6291632)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600
nhighland@mayerbrown.com