UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GD DEAL HOLDINGS, LLC | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 08-CV-1722 |
| | ) | |
| v. | ) | |
| | ) | Judge Elanie E. Bucklo |
| SURINDER MULTANI, et al | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS
PROPOUNDED ON PETROZONE PETROLEUM II, INC.**

Comes now the Plaintiff, GD Deal Holdings, LLC ("GD Deal Holdings"), by and through counsel, and propounds the following Interrogatories and Request for Production of Documents to the Defendant Petrozone Petroleum II, Inc. ("Petrozone Petroleum II") pursuant to the provisions of FED. R. CIV. P. 33, 34 and 69(a)(2). These Interrogatories and Request for Production of Documents are to be deemed continuing. If additional information within the scope of an Interrogatory or Request for Production of Document becomes available to Petrozone Petroleum II after Petrozone Petroleum II serves responses upon GD Deal Holdings, Petrozone Petroleum II is requested to promptly furnish such additional information to GD Deal Holdings by way of supplemental responses.

DEFINITIONS

As used herein, the following terms shall have the meaning indicated unless the context is clearly to the contrary.

1.  "You" or "Defendant" means Petrozone Petroleum II, Inc. and anyone acting on its behalf.

2.  "GD Deal Holdings" means GD Deal Holdings, LLC.

3. "Multani" means Surinder Multani and anyone acting on his behalf.

4. "Person" means any individual, proprietorship, partnership, corporation, trust, association, joint venture, or other entity.

5. "Document" shall mean the original and every non-identical copy (whether different from the original because of handwritten notes or underlining or check marks on the copy or otherwise) of every paper or other record, regardless of origin or location, whether sent or received or made or used internally, in whatever form, that either (1) is currently or was formerly in the possession, custody, or control of the Defendant, (2) was prepared by or for the Defendant, or (3) representatives of the Defendant have seen or otherwise believe to exist. The word "document" as used herein is defined as handwritten, printed, typed, computerized, recorded, programmed, or graphic matter of any kind or nature, however produced or reproduced, including but not limited to memoranda, books, records, reports, summaries, contracts, exhibits to contracts, agreements, pamphlets, notices, minutes of meetings, telegrams, notes, notebooks, scrapbooks, diaries, worksheets, transcripts, inter- and intra-office communications, correspondence, tape recordings, telegraphs, telexes, cables, charts, graphs, photographs, microfilm, emails, electronic documents, and all means of data compilations and recordings.

6. The words "and" and "or" mean "and/or" and should be read both ways so as to encompass both constructions and call for answers to be provided to both constructions.

7. "Communication" means any oral formal or informal discussion or other verbal and/or written exchange with a person, whether face-to-face or over the telephone, and whether or not others participated in the communication; any formal or informal written communication

to or from the person by letter, note, memorandum or otherwise; and any meeting or contact with the person, whether formal or informal and whether for business or social reasons.

8. "Identify," when used with respect to a natural person, means that you are required to provide the following for each and every person identified: the person's full name; current home address; current telephone number; current job title; current employer; and the employer's current address and telephone number.

9. "Identify," when used with respect to a legal entity, means that you are required to provide the following for each and every entity identified: the name of the entity and the current address and telephone number of the entity.

10. "Identify," when used with respect to a document, means that you are required to provide the following for each and every document identified: the exact name of the document and/or the name by which it is referred; the date of the document; and all serial or other identifying marks and/or numbers thereon; the general subject matter of the document; each person who wrote, signed, initialed, dictated and/or otherwise participated in the creation of the document; each addressee of the document and/or any copy thereof; each person having custody or control of the document and/or any copy thereof; the usual and/or present location of the document and/or any copy thereof; the native format of any electronic document; and a statement of whether you will voluntarily produce the document for inspection and copying.  Note: if the document was at one time but is no longer in your possession, custody, or control, you are required to state when the document was last in your possession, custody, or control; to identify the custodian of the document at that time; to identify the document's current location and the location of any copies thereof; and to state why the document is no longer in your possession, custody, or control.

11. "Identify" when used with respect to communication(s), means that you are required to provide the following for each and every communication identified: the date of the communication; the location at which the communication took place and the means or medium by which the communication occurred (e.g., face-to-face communication, telephone, correspondence); each person participating in, present at and/or having knowledge of the existence and/or content of the communication; the general subject matter of the communication; and any document referred to in the communication, any document created as a result of the communication, and/or any document recording or referring to the communication.

## INTERROGATORIES

### INSTRUCTIONS

1. In answering these Interrogatories, you are requested to furnish all information which, as of the date of the answers to these Interrogatories, is in your possession, custody, or control, including information in the possession of your attorneys or any other persons directly or indirectly employed or retained by you, or anyone else acting on the your behalf or otherwise subject to the your control.

2. If you cannot answer an Interrogatory or sub-part fully, please answer the Interrogatory or sub-part to the fullest extent possible, specifying with particularity and in detail the reason or reasons for your inability to answer the remainder of the Interrogatory or sub-part and stating whatever information you have concerning the unanswered portion.

3. No answer is to be left blank. If the answer to an Interrogatory is "none" or "unknown", the word "none" or "unknown" should be written in the answer. If the answer is inapplicable, "N/A" should be written in the answer.

4.  If you refuse to answer an Interrogatory or sub-part fully, please state the basis of your refusal in sufficient detail so as to permit the Court to rule on the validity of your refusal.

5.  If any document which refers to or relates to anything about which these Interrogatories ask has been destroyed, identify the document, the date of destruction, and the name of the person who ordered or authorized the destruction.

6.  In answering these Interrogatories, set forth immediately before each answer or objection the entire question with respect to which that answer is given or objection is made.

## INTERROGATORIES

1.  Please identify any persons answering these discovery requests and each and every person providing information to the persons responding to these discovery requests.

    ANSWER:

2.  Please describe Multani's interest in Petrozone Petroleum II.

    ANSWER:

3.  Please describe how Multani gained an interest in Petrozone Petroleum II.

    ANSWER:

4.  Please describe the consideration and/or other contribution that Multani paid in order to gain an interest in Petrozone Petroleum II.

    ANSWER:

5.  Please identify with specificity the source (e.g., bank account with bank name and account number) of any funds transmitted by Multani to Petrozone Petroleum II.

    ANSWER:

6.  Please identify Petrozone Petroleum II's assets.

    ANSWER:

7. Please identify all sources of income for Petrozone Petroleum II.

ANSWER:

8. Please list the date(s) and amount(s) of all distributions of money or property from Petrozone Petroleum II to Multani.

ANSWER:

9. Please describe the role that Multani fulfills in managing and/or working for Petrozone Petroleum II.

ANSWER:

10. Please identify any communications between you and Multani.

ANSWER:

11. Please describe any transfer of assets from Multani to Petrozone Petroleum II.

ANSWER:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please identify and produce each and every document consulted by any person in the preparation of answers or responses to the discovery herein.

ANSWER:

2. Please identify and produce any and all correspondence between you and Multani.

ANSWER:

3. Please identify and produce a copy of each document identified in your Answers to the Interrogatories propounded to you herein.

ANSWER:

4. Please identify and produce a copy of any document evidencing payment by Multani to Petrozone Petroleum II.

ANSWER:

5.　　Please identify and produce a copy of any document demonstrating capital contributions from Multani to Petrozone Petroleum II.

ANSWER:

6.　　Please identify and produce a copy of any document demonstrating income distributions from Petrozone Petroleum II to Multani.

ANSWER:

7.　　Please identify and produce a copy of any document demonstrating any payment to Multani by Petrozone Petroleum II.

ANSWER:

8.　　Please identify and produce a copy of any document regarding any transaction entered into by Multani and Petrozone Petroleum II.

ANSWER:

9.　　Please identify and produce a copy of any document regarding any transaction entered into by Petrozone Petroleum II and any company in which Multani has an interest.

ANSWER:

10.　　Please identify and produce a copy of the bylaws and/or any membership agreement for Petrozone Petroleum II.

ANSWER:

11.　　Please identify and produce a copy of a current balance sheet for Petrozone Petroleum II.

ANSWER:

12.     Please identify and produce a copy of the most recent tax return for Petrozone Petroleum II.

ANSWER:

13.     Please identify and produce a copy of any document relating to Multani's financial condition and/or assets.

ANSWER:

This the 21st day of July, 2008.

>THOMAS F. FLAKENBERG
>MICHAEL MCCANN
>WILLIAMS MONTGOMERY & JOHN LTD
>20 North Wacker Drive, Suite 2100
>Chicago, IL  60606-3094
>Telephone:  (312) 443-3851
>
>HARNED, BACHERT & DENTON, LLP
>324 East Tenth Avenue
>Post Office Box 1270
>Bowling Green, Kentucky 42102-1270
>Telephone:  (270) 782-3938
>Facsimile:  (270) 781-4737
>
>/s/Scott A. Bachert
>SCOTT A. BACHERT

Certificate of Service:

 This will certify that a true and exact copy of the foregoing document was placed in the U.S. Mail, postage prepaid, and/or transmitted via Fax, this the 21st day of July 2008, addressed to the following:
Diane R. Sabol
Nicole J. Highland
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL  60606-4637
*Attorney for Citibank*

Robert Thomas Kuehl
Weltman, Weinberg & Reis Co. LPA
180 North LaSalle Street
Suite 2400
Chicago, IL  60601
*Attorney for Fifth Third Bank*

James O. Stola
3701 West Fullerton Avenue
Chicago, IL  60647
*Attorney for Surinder Multani*

Leroy Simms
6061 Savoy Drive
Houston, TX  71352
*Attorney for Petrozone Petroleum II, Inc.*


/s/Scott A. Bachert
SCOTT A. BACHERT