UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CASE NUMBER 08CV1722

GD DEAL HOLDINGS, LLC,
PLAINTIFF
V.
SURINDER MULTANI; ABBE PROPERTIES, LLC;
SAPPHIRE SUPPLY, LLC; JGG INVESTMENTS, LLC;
ABBE CAPITAL AND LEASING, LLC;
ABBE MANAGEMENT GROUP, LLC;
FIFTH THIRD BANK; CITIBANK;
VENDOR CAPITAL GROUP; BABAJIPS,LLC;
CAPITAL ACCESS & INVESTMENTS, LLC;
PETROZONE PETROLEUM II, INC.;
G & S PORTAGE, INC.; SAFANPREET MULTANI; AND
SURINDER MULTANI, IN HIS CAPACITY AS TRUSTEE
FOR GURPRIYA KAUR MULTANI IRREVOCABLE TRUST,
GURPAP SINGH MULTANI IRREVOCABLE TRUST, AND
JAPVI SINGH MULTANI IRREVOCABLE TRUST,
DEFENDANTS

## ANSWER

Defendants, SURINDER MULTANI; ABBE PROPERTIES, LLC; SAPPHIRE SUPPLY, LLC; JGG INVESTMENTS, LLC; ABBE CAPITAL AND LEASING, LLC; ABBE MANAGEMENT GROUP, LLC; SAFANPREET MULTANI; and SURINDER MULTANI, IN HIS CAPACITY AS TRUSTEE FOR GURPRIYA KAUR MULTANI IRREVOCABLE TRUST, GURPAP SINGH MULTANI IRREVOCABLE TRUST, AND JAPVI SINGH MULTANI IRREVOCABLE TRUST, by way of Answer to the Complaint, state as follows:

## PARTIES

1. The Plaintiff GD Deal Holdings, LLC ("GD Deal") is a Delaware limited liability company with its principal place of business in Bowling Green, Kentucky.

ANSWER: Admit

2. The Defendant, Surinder Multani, is a citizen and resident of the State of Illinois. Surinder Multani ("Multani") is also known as Sam Multani. Surinder Multani currently resides at 302 Midwest Club, Oak Brook, Illinois 60523.

ANSWER: Admit that Surinder Multani is a resident of the State of Illinois but otherwise denies each and every remaining allegation contained in paragraph 2 of the Complaint.

3. Safanpreet Multani is a citizen and resident of the State of Illinois. Safanpreet Multani currently resides at

302 Midwest Club, Oak Brook, Illinois 60523.

ANSWER:  Admit that Safanpreet Surinder Multani is a citizen and resident of the State of Illinois but otherwise denies each and every remaining allegation contained in paragraph 3 of the Complaint.

4.  Upon information and belief, Surinder Multani and Safanpreet Multani are spouses that maintain 302 Midwest Club, Oak Brook, Illinois as a homestead.

ANSWER:  Admit that Surinder Multani and Safanpreet Multani are spouses but otherwise denies each and every remaining allegation contained in paragraph 4 of the Complaint.

5.  Abbe Properties, LLC, is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights, Illinois 60005.

ANSWER:  Admit that Abbe Properties, LLC is and Illinois limited liability company but otherwise denies each and every remaining allegation contained in paragraph 5 of the Complaint.

6.  Sapphire Supply, LLC is an Illinois limited liability company with its principal office located at 2015 South Arlington Heights Road, Suite 120, Arlington Heights 60005. Defendant Multani is the registered agent for Sapphire Supply, LLC.

ANSWER:  Admit that Sapphire Supply, LLC is and Illinois limited liability company but otherwise denies each and every remaining allegation contained in paragraph 6 of the Complaint.

7.  JGG Investments, LLC is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights 60005.

ANSWER:  Admit that JGG Investments, LLC is and Illinois limited liability company but otherwise denies each and every remaining allegation contained in paragraph 7 of the Complaint.

8.  Abbe Capital and Leasing, LLC is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights, Illinois 60005.

ANSWER:  Admit that Abbe Capital and Leasing, LLC is and Illinois limited liability company but otherwise denies each and every remaining allegation contained in paragraph 8 of the Complaint.

9.  Abbe Management Group, LLC, is an Illinois limited liability company with its principal office at 2015 South Arlington Heights Road, Suite 120, Arlington Heights, Illinois, 60005.

ANSWER:  Admit that Abbe Management Group, LLC is and Illinois limited liability company but otherwise denies each and every remaining allegation contained in paragraph 5 of the Complaint.

10. The Defendants, Fifth Third Bank and Citibank, are natural banking associations doing business in the State of Illinois.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 10 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

11. The Defendant Vendor Capital Group is a division of Telerent Leasing Corp, a Delaware Corp., with its principal office at 4191 Fayetteville Rd., Raleigh, North Carolina 27603.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 11 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

12. Babaji PS, LLC is a Texas limited liability company with its principal office at 1718 Fry Road, Suite 415, Houston, Texas 77084. The registered agent at that address is Narendra Bhalla.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 12 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

13. Capital Access & Investments, LLC is a Texas limited liability company with its principal office at 1718 Fry Road, Suite 415, Houston, Texas 77084. The registered agent at that address is Narendra Bhalla.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 13 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

14. Petrozone Petroleum, II, Inc. is a Texas corporation with its principal office at 1612 South Day Street, Brenham, Texas 77833. The registered agent at that address is Sandeeppreet Singh.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 14 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

15. G & S Portage, Inc. is an Indiana corporation with its principal office at 1856 Samuelson Road, Portage, Indiana 46368. The registered agent at that address is Ajai Agnihotri.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 15 of

the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

16. The Defendant, Surinder Multani, is the Trustee of the Gurpriya Kaur Multani Irrevocable Trust, Gurpap Singh Multani Irrevocable Trust and Japvi Singh Multani Irrevocable Trust ("Trusts"), which were created by Safanpreet Multani as Settlor.

ANSWER: The above recited Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Jurisdiction is proper under 28 USC § 1332 in that the amount in controversy, exclusive of interest and cost, exceeds $75,000.00 and that this matter is between citizens of different states.

ANSWER: The above recited Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Venue for this action is proper under 28 USC § 1391 in that it involves real estate located in this district and the defendants located in this district.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 18 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

**GENERAL ALLEGATIONS**

19. The Defendant, Surinder Multani, is indebted to the Plaintiff, GD Deal Holdings, for the sum of $10,048,295.12 as of May 11, 2007, with post-judgment interest accruing thereon at the rate of 4.9% until paid in full, pursuant to an Order and Judgment ("Judgment") entered by the Untied States District Court, Western District of Kentucky, Bowling Green Division in Case Number 1:05-CV-3R, on May 11, 2007, a copy which is attached to hereto as Exhibit A.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 19 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein and also state that said matter is currently on appeal.

20. The Judgment has been registered in this Court by filing on September 4, 2007 in Case Number 07-CV-04965 pursuant to 28 U.S.C. § 1963.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 20 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

21. Pursuant to the registration, GD Deal has filed a Memorandum of Judgment in the Cook County real property records, a copy of which is attached as Exhibit B, on October 9, 2007.

ANSWER: The above recited Defendants neither admit nor deny the allegations contained in paragraph 21 of the Complaint but state that they have insufficient information to formulate a belief as to the truth of the allegations contained therein.

22. The Defendant, Surinder Multani, owns real estate located in Cook County, Illinois located at 124 Bright Ridge Drive, Schaumburg, IL, 60194-3696, Parcel No. 07 23 102 021 0000 (the "Cook County Real Estate").

ANSWER: The above recited Defendants admit that Surinder Multani is one of the owners of real estate located in Cook County, Illinois located at 24 Bright Ridge Drive, Schaumburg, IL, 60194-3696, Parcel No. 07 23 102 021 0000, but otherwise deny each and every other allegation contained in paragraph 22 of the Complaint.

23. The Defendant, Surinder Multani, owns personal property situated in both Cook County, Illinois and DuPage County, Illinois, as indicated by the financial statements prepared by Multani, copies of which are attached as Exhibit C. The value of the personal property exceeds the allowed exemptions under Illinois State Law.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 23 of the Complaint.

24. The Defendant, Surinder Multani, is a member, shareholder, sole member, or sole shareholder of Abbe Properties, LLC; Sapphire Supply, LLC; JGG Investments, LLC; Abbe Capital and Leasing, LLC; Abbe Management Group, LLC; Babaji PS, LLC; Capital Access & Investments, LLC; Petrozone Petroleum II, Inc.; and G & S Portage, Inc.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 24 of the Complaint.

COUNT I: ORDER OF SALE OF REAL AND PERSONAL PROPERTY

25. The Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 24 inclusive as if fully set forth herein.

ANSWER: The above recited Defendants adopt and incorporate by reference the Answers set forth in Paragraphs 1 through 25 as if fully set forth herein.

26. The Judgment against Surinder Multani constitutes a lien on the property of Multani pursuant to 28 U.S.C. §1962.

ANSWER: The above recited Defendants admit that the Judgment against Surinder Multani constitutes a lien on the property of Multani pursuant to 28 U.S.C. §1962 but additionally state that said judgment has been appealed which remains pending..

27. The Plaintiff, GD Deal, is entitled to an Order directing the United States Marshall to take control and possession of the Cook County Real Estate of Defendant Surinder Multani, and to subject such real estate to public auction and sale upon such terms and conditions as may be set by, this Court, or required by statute including 28 U.S.C. § 2001, 735 Ill. Comp. Stat. 5/12-112, 735 Ill. Comp. Stat. 5/12-115, 735 Ill. Comp. Stat. 5/12-152, and Fed. R. Civ. P. 69.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

28. The Plaintiff, GD Deal, is entitled to an Order directing the United States Marshall to take control and possession of the non-exempt personal property of Defendant Surinder Multani, and to subject such personal property to public auction and sale upon such terms and conditions as may be set by this Court, or required by statute including 28 U.S.C. § 2004, 735 Ill. Comp. Stat. 5/12-111, 735 Ill. Comp. Stat. 5/12-112, 735 Ill. Comp. Stat. 5/12-158, and Fed. R. Civ. P. 69.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 28 of the Complaint.

WHEREFORE, the above recited Defendants respectfully requests that this Court deny the relief sought in Count I of the Complaint.

COUNT II: REQUEST FOR CHARGING ORDER

29. The Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 28 inclusive as if fully set forth herein.

ANSWER: The above recited Defendants adopt and incorporate by reference the Answers set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. Pursuant to 805 ILCS 180/30-20, the Plaintiff is entitled to a charging order as against Surinder Multani's interest in Abbe Properties, LLC; Sapphire Supply, LLC; JGG Investments, LLC; Abbe Capital and Leasing, LLC; Abbe Management Group, LLC; Babaji PS, LLC; Capital Access & Investments, LLC; Petrozone Petroleum II, Inc.; and G & S Portage, Inc. (collectively the "Multani Companies"), so that all distributable interests apply to satisfy the Judgment.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31. The Plaintiff requests that a Receiver be appointed for the distributional interests due or to become due to Surinder Multani.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

32. The Plaintiff is further entitled to an order of foreclosure of its lien, directing that the interests of Surinder Multani in the Multani Companies be sold to satisfy the lien of GD Deal.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 32 of the Complaint.

WHEREFORE, the above recited Defendants respectfully requests that this Court deny the relief sought in Count II of the Complaint.

## COUNT III: ADVERSE CLAIMS

33. The Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 32, inclusive, as if fully set forth herein.

ANSWER: The above recited Defendants adopt and incorporate by reference the Answers set forth in Paragraphs 1 through 32 as if fully set forth herein.

34. The Defendant Fifth Third Bank is made a party hereto by reason of its open-end Mortgage dated June 24, 2004, recorded July 26, 2004, as against the real estate located at 24 Bright Ridge Road, Schaumburg, IL. The Defendant Fifth Third Bank should be required to enter its appearance herein and assert its interest in the real estate, if any.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 34 of the Complaint.

35. The Defendant Citibank is made a party hereto by reason of its Equity Source Account Mortgage dated July 22, 2004, and recorded August 9, 2004 as against the real estate located at 24 Bright Ridge Road, Schaumburg, IL. The Defendant Citibank should be required to enter its appearance herein and assert its interest in the real estate, if any.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 35 of the Complaint.

36. The Defendant Vendor Capital Group is made a party hereto by reason of its Memorandum of Judgment, recorded August 7, 2007, as against the real estate located at 24 Bright Ridge Road, Schaumburg, Il. The Defendant Vendor Capital Group should be required to enter its appearance herein and assert its interest in the real estate, if any.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 32 of the Complaint.

37. The Defendant Safanpreet Multani should be required to enter her appearance herein and to assert her interest in the real estate, if any.

ANSWER: The above recited Defendants admit the allegations contained in paragraph 37 of the Complaint.

WHEREFORE, the above recited Defendants respectfully requests that this Court deny the relief sought in Count III of the Complaint.

## COUNT IV: FRAUDULENT CONVEYANCES

38. The Plaintiff adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 37, inclusive, as if fully set forth herein.

ANSWER: The above recited Defendants adopt and incorporate by reference the Answers set forth in Paragraphs 1 through 37 as if fully set forth herein.

39. On information and belief, the Plaintiff, GD Deal, alleges that the Defendant, Surinder Multani, has transferred to the Trusts assets for the purpose of shielding them from the claims of his creditors, including, but not limited to, his interest in ABBE Properties, LLC.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 39 of the Complaint.

40. On information and belief, the Plaintiff, GD Deal, alleges that the transfers from Surinder Multani to the Trusts were without consideration, and made with the intent to hinder, delay or defraud creditors, all in violation of Illinois law.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 40 of the Complaint.

41. The transfer should be set aside and held invalid, and the property and interest held subject to the claims of creditors, including the Plaintiff herein.

ANSWER: The above recited Defendants deny each and every allegation contained in paragraph 41 of the

Complaint.

  WHEREFORE, the above recited Defendants respectfully requests that this Court deny the relief sought in Count IV of the Complaint.

  WHEREFORE, the above recited Defendants respectfully requests that this Court deny any further relief requested by the Complaint and grant Defendants appropriate relief.

_____<br>
JAMES O. STOLA<br>
Attorney for Defendants

ATTORNEY NO. 2742160
LAW OFFICE OF JAMES O. STOLA
3701 WEST FULLERTON AVENUE
CHICAGO, IL 60647
(773)342-1170
FAX: (773)342-1185
E-MAIL: JSTOLA@SBCGLOBAL.NET