# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GD DEAL HOLDINGS, LLC </br></br>           Plaintiff, </br></br>      v. </br></br>SURINDER MULTANI; ABBE PROPERTIES, LLC; SAPPHIRE SUPPLY, LLC; JCG INVESTMENTS, LLC; ABBE CAPITAL AND LEASING, LLC; ABBE MANAGEMENT GROUP, LLC; FIFTH THIRD BANK; CITIBANK; VENDOR CAPITAL GROUP; BABAJIPS, LLC; CAPITAL ACCESS & INVESTMENTS, LLC; PETROZONE PETROLEUM II, INC.; G&S PORTAGE, INC.; SAFANPREET MULTANI, in his capacity as trustee for Gurpriya Kaur Multani Irrevocable Trust; GURPAP SINGH MULTANI IRREVOCABLE TRUST, and JAPVI SINGH MULTANI IRREVOCABLE TRUST, </br></br>           Defendants. | Civil Action No. 08-CV-1722 </br></br> Judge Elaine E. Bucklo |

## AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant Citibank ("Citibank") together with Plaintiff GD Deal Holdings, LLC ("GD Deal") respectfully request the Court to enter the attached Protective Order. In support of this Motion, Citibank and GD Deal state as follows:

    1.    Citibank and GD Deal in this matter recognize that the discovery in this action may require the production of information that is confidential, commercially sensitive and/or proprietary. Accordingly, Citibank and GD Deal wish to take steps to protect the confidentiality of such documents and to ensure that such documents are used solely for the prosecution and/or defense of this litigation.

1

    2. Counsel for Citibank and GD Deal have conferred and reached agreement on a suitable Protective Order, which is attached hereto. Counsel for Citibank and GD Deal have signed the proposed order reflecting their agreement to its terms.

    3. On August 20, 2008, Citibank sent a letter, attached hereto, to counsel of record for Surinder and Safanpreet Multani informing him of Citibank's intention to produce certain documents pertaining to the Multanis' loan with Citibank subject to an appropriate protective order. As of the date of this Motion, the Multanis have not filed any objection to Citibank's production of such documents nor sought to quash GD Deal's Request for Production of Documents Propounded on Citibank (Docket No. 40).

  WHEREFORE, Citbank and GD Deal respectfully request the Court to enter the attached Protective Order.

Date: September 5, 2008

GD DEAL HOLDINGS, LLC, Plaintiff    CITIBANK, Defendant

By: _/s/ Scott A. Bachert (w/ consent)_  By: _/s/ Nicole J. Highland_
  *One of its Attorneys*        *One of its Attorneys*
  Scott A. Bachert          Lucia Nale
  William F. Codell         Diane R. Sabol (6298369)
  HARNED, BACHERT & DENTON, LLP  Nicole J. Highland (6291632)
  324 East Tenth Avenue       MAYER BROWN LLP
  Post Office Box 1270        71 South Wacker Drive
  Bowling Green, KY 42102-1270    Chicago, IL  60606-4637
  (270) 782-3938          (312) 782-0600

  Thomas F. Falkenberg
  WILLIAMS MONTGOMERY & JOHN LTD.
  20 N. Wacker Drive
  Chicago, IL 60606-3094
  (312) 443-3200

## **CERTIFICATE OF SERVICE**

      I, Nicole J. Highland, an attorney, hereby certify that on September 5, 2008, I caused a true and correct copy of the foregoing **AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court' s CM/ECF System.

      / s/  Nicole J. Highland
Lucia Nale
Diane R. Sabol (6298369)
Nicole J. Highland (6291632)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600
nhighland@mayerbrown.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GD DEAL HOLDINGS, LLC </br></br>　　　　Plaintiff,</br></br>　　v.</br></br>SURINDER MULTANI; ABBE PROPERTIES, LLC; SAPPHIRE SUPPLY, LLC; JCG INVESTMENTS, LLC; ABBE CAPITAL AND LEASING, LLC; ABBE MANAGEMENT GROUP, LLC; FIFTH THIRD BANK; CITIBANK; VENDOR CAPITAL GROUP; BABAJIPS, LLC; CAPITAL ACCESS & INVESTMENTS, LLC; PETROZONE PETROLEUM II, INC.; G&S PORTAGE, INC.; SAFANPREET MULTANI, in his capacity as trustee for Gurpriya Kaur Multani Irrevocable Trust; GURPAP SINGH MULTANI IRREVOCABLE TRUST, and JAPVI SINGH MULTANI IRREVOCABLE TRUST,</br></br>　　　　Defendants. | Civil Action No. 08-CV-1722</br></br>Judge Elaine E. Bucklo |

## **PROTECTIVE ORDER**

Pursuant to Ill. Sup. Ct. R. 201(c), and by stipulation of the parties, good cause having been shown,

IT IS HEREBY ORDERED THAT:

1.　When used in this Order, the word "document" means all written, recorded or graphic matter whatsoever, including, without limitation, interrogatory answers, requests to admit and responses thereto, documents or physical items produced by any party or non-party in this action whether pursuant to subpoena, court order, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

1

2. A producing party may, as provided herein and subject to the terms and conditions herein, designate as confidential any document(s) (and information contained therein) that it produces by marking copies of such document(s) produced to a party with the legend "CONFIDENTIAL". Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all parts of the document as confidential unless otherwise indicated by the producing party.

3. In response to discovery requests, including written and/or oral requests, the customer loan file, loan payment history and financial information, and other customer credit and financial related information, including "nonpublic personal information" and "personally identifiable financial information" as defined under 12 C.F.R. § 40.3, of persons who obtained residential mortgage loans from Defendant Citibank may be produced in discovery (whether in response to third-party subpoenas or other discovery requests issued in this action) with notice obligations, if any, being excused under the provisions of the Gramm-Leach Bliley Act, 15 U.S.C. Section 6801, et. seq. on the condition that any such documents and information so produced shall be produced as "CONFIDENTIAL" subject to the terms of this Order.

4. Any confidential information not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraph 2 above shall be designated as "CONFIDENTIAL" by the producing party by informing the receiving party in writing that the information is confidential.

5. The Court has the ultimate authority to determine whether a document should be designated as "CONFIDENTIAL" notwithstanding a party's decision to so designate a document.

6. Neither the designation by a party of any document, information or deposition testimony as "CONFIDENTIAL" hereunder, nor its receipt by the other party, shall constitute a

concession that the document, information or deposition testimony is confidential. In the event that any party to this lawsuit objects at any point in these proceedings to the designation of any document or information as "CONFIDENTIAL," the objecting party shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, including an order that the documents should not be treated as confidential or that specified provisions of this Order shall not apply to the document or information. The documents in dispute shall be treated as confidential pending resolution by the Court.

7. Documents designated as "CONFIDENTIAL" by the producing party and all information contained therein shall be kept confidential by the receiving party, shall be used solely for the prosecution or defense of this case, and shall be disclosed or made available only to the Court and its staff, including court reporters, and to the following persons:

    a.    Fred Higgins, principal owner/member and Chief Operating Officer for Plaintiff GD Deal Holdings, LLC;

    b.    In-house accountant for Plaintiff GD Deal Holdings, LLC;

    c.    In-house counsel for Defendant Citibank, N.A.;

    d.    Counsel of record for (i) GD Deal Holdings, LLC, (ii) Citibank, N.A., (iii) Surinder Multani, and (iv) Safanpreet Multani in this matter;

    e.    Partners, associates, paralegals, secretaries and other personnel employed or retained by or working under the supervision of said counsel of record described in subparagraph 8(b) who are actively engaged in assisting such counsel in this action;

    f.    Outside consultants, technical advisors and expert witnesses (whether designated as trial witnesses or not) (together with their assistants and clerical staff) who are actively engaged in assisting such counsel in this action;

  g. Persons identified on the face of the document in question as an author, addressee or other recipient;

  h. A witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this action; and

  i. Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs, shall have access to such information.

9. All individuals to whom "CONFIDENTIAL" information is to be disclosed shall be informed of the existence of this Order, shall be provided with a copy thereof and shall be instructed that material designated as "CONFIDENTIAL" may not be used other than in connection with the litigation and may not be disclosed to anyone other than those persons contemplated by this Order.  Legal counsel for the discovering parties shall take reasonable steps to insure adherence to the terms and conditions of this Order by their respective stenographic and clerical employees.

10. Material designated as "CONFIDENTIAL" shall not be revealed to any person not designated in Paragraph 8, unless the party producing the confidential material assents in writing to the disclosure or unless the Court otherwise directs.  If any court, arbitration tribunal or an administrative or government agency requests, demands, subpoenas, or orders production of material designated as "CONFIDENTIAL" that a party has obtained under the terms of this Order, before turning over the material such party shall promptly (not more than twenty-four (24) hours after receipt of such request, demand, subpoena or order) notify the party which so designated material as "CONFIDENTIAL" of the pendency of such request, demand, subpoena, or order and afford a reasonable opportunity for the party that designated such material to oppose the request, demand, subpoena or order.

11. Disclosure of documents designated as "CONFIDENTIAL" to the persons described in subparagraph 8(d) shall be solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation. Any such person shall sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before any "CONFIDENTIAL" documents are shown to that person. The original Exhibit A shall be maintained by counsel of record for the party on whose behalf the outside consultant, technical advisor or expert witness has been employed or retained.

12. All documents, deposition testimony or other material subject to this Order, and all confidential information derived therefrom, shall not be used, directly or indirectly, by any party *for any purpose whatsoever* other than the preparation and trial of this action in accordance with the provisions of this Order.

13. If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal the substance of documents designated as "CONFIDENTIAL", or any information contained therein, these papers shall be filed with the Clerk of the Court in a sealed envelope prominently marked with the caption of this case and with the legend "CONFIDENTIAL--TO BE OPENED ONLY AS DIRECTED BY THE COURT"; provided, however, that copies of any such papers, redacted to omit any text which contains, quotes, paraphrases, compiles; or otherwise reveals the substances of documents designated "CONFIDENTIAL" shall be filed with the Clerk of the Court without being filed under seal. The Clerk of the Court is hereby directed to hold in a manner that will safeguard the confidential nature thereof all such materials filed in this cause in a sealed envelope marked "CONFIDENTIAL" and to make any such sealed envelope available only as authorized by the Court.

14.     Any portion of deposition testimony given in this case may be designated as "CONFIDENTIAL" by advising the reporter and all parties of such fact, or by notifying the reporter and all parties in writing within thirty (30) days of receipt by the deponent or the deponent's counsel of the transcript of the specific pages and lines of the transcript that contain confidential information.  All deposition testimony given in this action shall be treated as confidential until the expiration of this thirty (30) day period.  Deposition testimony designated "CONFIDENTIAL" shall be given with no one present except persons to whom disclosure may be made pursuant to paragraph 8 of this Order, the reporter, the deponent, and the deponent's counsel.  Any testimony designated "CONFIDENTIAL" shall be marked, treated, used, and disclosed only as provided in this Order.

15.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.  However, a party to this litigation may prospectively declare that information designated as "CONFIDENTIAL" (to be produced through discovery in this action) which is in the custody of a third person/party is protected under this Order.  Counsel for the party receiving such material shall treat it as so designated until such time as the designating party has had a reasonable opportunity to review and stamp the received material in accordance with this Order.

16.     The inadvertent production of any privileged or protected documents shall be without prejudice to any claims that the document is privileged or protected, as the case may be, and shall not constitute a waiver of any privilege or protection that may otherwise attach thereto providing the producing party notifies the other party within thirty (30) days of the discovery of

such inadvertent production.  Such production shall not be deemed a general waiver of such privilege or protection.  Upon demand of the producing party, within thirty (30) days of its (their) discovery of such inadvertent production, all copies of any inadvertently provided documents shall be returned immediately.  Further, the voluntary production of a privileged or protected document in itself is not a waiver of the privilege or protection, as the case may be, with respect to other privileged or protected documents relating to the same subject matter.

17. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all documents designated as "CONFIDENTIAL" and all materials produced by a party that contain "CONFIDENTIAL" material, including all extracts, reproductions and summaries of such material, shall be destroyed or returned to counsel for the producing party.  Such destroyed or returned materials shall not include attorneys' notes or work product.  Counsel for each party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance within the sixty (60) day period.

18. Nothing in this Order shall prevent any party from objecting to discovery which it believes is improper.

19. Nothing in this Order shall be deemed to establish the discoverability or relevance of the information, if any, produced pursuant this Order, nor create any right, in favor of any other person or party, to request or receive the same in this or any other proceeding.

20. The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

21. The parties hereto agree and acknowledge that a material and willful violation of this Order by any party, their employees, representatives or agents or any third party who

executes the attached statement, will result in irreparable harm to the producing party and the parties therefore consent to the issuance of an injunction and other appropriate relief. Nothing in this Order shall preclude a party from pursuing an action for damages based on the violation of the terms in this Order.

**AGREED:**

GD DEAL HOLDINGS, LLC, Plaintiff                CITIBANK, Defendant

By:   \_/s/ Scott A. Bachert_____              By:   \_/s/ Nicole J. Highland_____
    *One of its Attorneys*                                               *One of its Attorneys*
    Scott A. Bachert                                                   Lucia Nale
    William F. Codell                                                   Diane R. Sabol (6298369)
    HARNED, BACHERT & DENTON, LLP                   Nicole J. Highland (6291632)
    324 East Tenth Avenue                                         MAYER BROWN LLP
    Post Office Box 1270                                              71 South Wacker Drive
    Bowling Green, KY 42102-1270                          Chicago, IL 60606-4637
    (270) 782-3938                                                        (312) 782-0600

    Thomas F. Falkenberg
    WILLIAMS MONTGOMERY & JOHN LTD.
    20 N. Wacker Drive
    Chicago, IL 60606-3094
    (312) 443-3200

**SO ORDERED:**

_____   Judge Elaine E. Bucklo

Date: _____

**ATTACHMENT "A"**
**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

By my signature, I hereby acknowledge that I have read the Protective Order governing confidentiality to which this "Agreement to Maintain Confidentiality" is attached as Exhibit "A", and hereby agree to be bound by the terms thereof. I agree not to disclose any documents or information designated as "CONFIDENTIAL" (or any of the contents of such documents or information) except in accordance with the terms of the Protective Order, and that such documents or information shall be used only for the purposes authorized by the Protective Order. I agree that to the extent that my employees are provided with confidential material, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose confidential material except in accordance with the terms of the Protective Order. I further agree that any obligation to honor the confidentiality of such documents or information will continue even after the termination of the action in which the Protective Order has been entered. I further agree that in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions for such failure. I consent to the jurisdiction of the United States District Court for the Northern District of Illinois, for all purposes relating to the enforcement of this Protective Order.

Date: _____

_____
_____
_____
Signatory's Name, Business Affiliation, and Business Address

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrown.com

August 20, 2008

**Nicole J. Highland**
Direct Tel (312) 701-8548
Direct Fax (312) 706-8179
nhighland@mayerbrown.com

BY FIRST CLASS MAIL

James O. Stola
Law Office of James O. Stola
3701 West Fullerton
Chicago, IL 60647

Re: <u>GD Deal Holdings v. Multani</u>

Dear Jim:

As you know, Citibank received the attached Requests for Production of Documents from GD Deal Holdings, LLC. Unless your clients move to quash these document requests and obtain an order precluding production, Citibank intends, upon entry of an appropriate protective order, to comply with the requests and produce the Multanis' Citibank loan file and documentation regarding payment history on the loan, including cancelled checks. These documents are available at our office for your review and inspection or we will provide you with a courtesy copy of the documents upon written request. We have proposed a protective order to Plaintiff's counsel; I have enclosed a copy of that proposed protective order. Also enclosed is a copy of Citibank's Objections to Plaintiff's Requests for Production of Documents.

Please do not hesitate to contact me if you have any questions.

Sincerely yours,

/s/ Nicole J. Highland

Nicole J. Highland

NJH:jl

Enclosure
cc:    William F. Codell (w/o enclosures)

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia).